(Superior Court of Cincinnati.)
General Term. November, 1900.

JOHN SCHUBERT v. THOMAS S. TAYLOR, Sheriff of Hamilton County, Ohio.

---

One holding an equitable lien on real estate can not enjoin the sheriff from proceeding to sell the property upon a judgment and execution obtained against the owner of the fee, the judgment creditor not being made a party to the injunction proceedings against the sheriff.

---

MURPHY, J.; DEMPSEY, J., and SMITH, J., concur

This is a proceeding in error to reverse a judgment of this court in special term, which judgment of the special term was to sustain a demurrer filed to the petition below.

In the petition below John Schubert, the plaintiff, averred that Catherine Schubert, who is a sister of the plaintiff in error, was the owner of certain real estate therein described; that in the year 1893 John Schubert commenced advancing money to his sister Catherine for the improvement of the said real estate, and to enable her to pay the taxes, and that the amount so advanced amounted to $1,520.

The plaintiff further avers that at the time the first money was advanced Catherine Schubert entered into a contract with the plaintiff whereby the legal title to the said real estate was to remain in Catherine Schubert, but that she was to hold it in trust for the plaintiff for the amount advanced by him for the erection of buildings and improvements on said real estate; and it was further agreed that Catherine Schubert should in no way transfer, assign or encumber the said real estate, but that she should hold the legal title as trustee for the benefit of plaintiff "to the extent of the amount advanced by him, with interest upon the same."

Plaintiff further avers that, in violation of this agreement, Catherine Schubert, on the 19th day of March, 1900, permitted one Anna Flagg to recover a judgment against her in the court of common pleas of Hamilton county, Ohio, said action being numbered 116677 of said court; that an execution was issued in said cause, directed to Thomas S. Taylor sheriff, who, in obedience to the order of the court of common pleas, levied upon the real estate and improvements before mentioned, as the property of Catherine Schubert, and is now proceeding to advertise the same for sale on execution.

Plaintiff further avers that on the 3d day of April, Catherine Schubert, at his request, conveyed to him the legal title to the premises aforesaid by a deed, which deed was duly recorded on the 3d day of April, 1900, in deed book 843, page 406, of the Hamilton county records.

The prayer of the petition is that by order of this court the defendant, Thomas S. Taylor, sheriff, be restrained from further proceeding with said advertising of said premises; that a receiver be appointed to take charge of

and collect the rents of said premises; and that upon the final hearing the legal title to the said premises be declared to be in the plaintiff clear and free of any incumbrances under and by virtue of the levy made in said cause No. 116677, common pleas court of Hamilton county, Ohio; and that the defendant, Thomas S. Taylor, be perpetually enjoined from further proceeding in said cause.

In the court below a motion was filed by the sheriff "to vacate" the temporary restraining order, which motion was, by the consent of the parties made in open court, to be regarded as a general demurrer; and on consideration thereof the court granted said motion regarded as a demurrer and dismissed the petition.

In the hearing of this case in general term the parties consented in open court that the said motion was to be here treated as if it were a general demurrer to the petition.

It will be noted that the execution creditor in the proceedings in the court of common pleas is not made a party to this action; that no relief is sought against Catherine Schubert, and, indeed, no averments are contained in the petition upon which any relief as to her could be predicated, so that the action is, in fact, one against the sheriff of Hamilton county, and against him only.

The plaintiff below seems to have acted upon the assumption that he held the legal title to the real estate against the claim or claims of all persons whomsoever; but this was not the fact. If the contract he describes in his petition existed between him and his sister, it gave him an equitable lien upon the said real estate, and the deed conveying to him the legal title to the said real estate can be treated as no more than an equitabe mortgage.

Plaintiff seeks to divest Anna Flagg, plaintiff in the cause tried in the court of common pleas, of the lien which she obtained by virtue of her levy of execution in that action, although she is not made a party to the action in which that is attempted to be done. Plaintiff seeks to restrain the sheriff from performing a plain legal duty imposed upon him by law. The court has no power to do that, for he could not be restrained in an action where the title or rights of Anna Flagg were concerned.

The paintiff in error asks for the appointment of a receiver to take charge of and collect the rents of the premises described in the petition, but by his own averments he shows that the legal title was conveyed to him, and presumably he is in possession of the property; therefore, the appointment of a receiver is manifestly unnecessary.

[COPYRIGHT, 1901, BY CARL G. JAHN.]

We see no error in the action of the court below, and its judgment is affirmed.

James N. Ramsey and James D. Ermston, for the Sheriff.

Florence A. Sullivan and Shay & Cogan, for Plaintiff in Error.